IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BIN LIU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | Case No. _______________<br><br>COMPLAINT FOR DESIGN PATENT INFRINGEMENT<br><br>JURY TRIAL DEMANDED<br><br>PUBLIC VERSION (REDACTED) |

COMPLAINT

Plaintiff Bin Liu ("Plaintiff" or "Mr. Liu"), by his undersigned counsel, brings this action against the Defendants identified on Schedule A hereto (collectively, "Defendants") and alleges as follows. Allegations concerning Plaintiff and his own acts are made on personal knowledge. All other allegations are made on information and belief following a reasonable investigation, including review of Defendants' storefronts and listings and comparison of the Accused Products shown in those listings with the drawings of the '755 Patent.

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Design Patent No. D963,755 S (the "'755 Patent" or the "Patent"), entitled "Spinning Top Toy," under the Patent Act, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285 and 289.

2. Plaintiff is the inventor and sole owner of the '755 Patent, which protects the ornamental design of a six-armed articulated spinning toy that Plaintiff designed and sells in the United States through Amazon.com under the KENBU brand.

3. Each Defendant operates one or more e-commerce storefronts on Amazon.com or TikTok Shop through which it offers for sale to buyers throughout the United States, without excluding buyers in this District, spinning toys whose overall appearance is substantially the same as the design claimed in the ’755 Patent (the “Accused Products”). Plaintiff, through counsel, has compared the Accused Product offered by each Defendant, as shown in that Defendant’s own listing images, with the Patent drawings. Side-by-side comparisons for every Defendant are attached as Exhibit 4.

4. Before bringing this action Plaintiff, through counsel, reviewed more than one hundred marketplace listings of articulated spinning toys and excluded every seller whose product differs from the claimed design in its overall ornamental appearance. The Defendants named on Schedule A are the sellers whose products, as shown in their own listing images, present the overall appearance of the claimed design, including the arrangement of the hub face described in paragraph 18(a).

5. Defendants are foreign sellers who operate through pseudonymous storefronts and, on information and belief, hold their sales proceeds in marketplace and payment-processor accounts and register new storefronts under new names when an existing storefront is challenged. Absent injunctive relief, Plaintiff will have no effective remedy against continued infringement.

## THE PARTIES

6. Plaintiff Bin Liu is an individual residing at No. 5, Lane 7, Haogang Er Village, Bixin Road, Longgang District, Shenzhen City, Guangdong Province, People’s Republic of China. Mr. Liu is the named inventor and the owner of record of the ’755 Patent.

7. Plaintiff designs spinning toys embodying the patented design, which are sold in the United States through the Amazon.com storefront operating under the brand name KENBU, including at ASIN B08LMBJY64 (the "KENBU Product").

8. Defendants are individuals and business entities of unknown makeup who, on information and belief, reside in and operate from the People's Republic of China or other foreign jurisdictions. Each Defendant is identified on Schedule A by the storefront name, marketplace, seller or merchant identifier, and accused listing identifiers under which it conducts business. Defendants conceal their true names and physical addresses behind marketplace storefront names; the business names that Amazon.com and TikTok Shop display for Defendants are set out on Schedule A to the extent Plaintiff has captured them, and Plaintiff is unable to verify that any name or address Defendants have supplied to those marketplaces is genuine.

9. Plaintiff will amend Schedule A to state Defendants' true names and addresses when they are ascertained through the expedited discovery sought in this action.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

11. This Court has personal jurisdiction over each Defendant. Each Defendant purposefully directs its commercial activity at residents of Nebraska by operating a fully interactive e-commerce storefront on Amazon.com or TikTok Shop through which it (a) displays and offers the Accused Products to consumers throughout the United States, including Nebraska, (b) does not exclude Nebraska from the destinations to which it offers the Accused Products, and (c) invites orders from consumers in Nebraska. The Amazon.com listings of Defendant No. 1 offer delivery of the Accused Product to an address in Lincoln, Nebraska. An offer to sell a patented

design to Nebraska consumers is itself an act of infringement under 35 U.S.C. § 271(a), and Plaintiff's claim arises out of and relates to those offers. Each Defendant's offers to sell the Accused Products were therefore directed to and made in this District, and caused injury here.

12. The exercise of jurisdiction over each Defendant is consistent with due process. Defendants' contacts with Nebraska are not random or fortuitous: each Defendant chose to offer the Accused Products nationwide through marketplaces that make Nebraska consumers accessible to it, and chose not to exclude Nebraska from the destinations to which it will ship. Plaintiff's claims arise from those offers. Defendants, who trade in the United States market through United States marketplaces, could reasonably anticipate being haled into a United States court in any State into which they offer to sell.

13. In the alternative, personal jurisdiction over any Defendant that is not subject to jurisdiction in the courts of general jurisdiction of any State exists under Fed. R. Civ. P. 4(k)(2), because this action arises under federal law and each Defendant's nationwide sales of the Accused Products into the United States are sufficient contacts with the United States as a whole.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(3) and (c)(3) because each Defendant is not resident in the United States and may therefore be sued in any judicial district. The patent venue statute, 28 U.S.C. § 1400(b), does not apply to defendants that are not resident in the United States. Venue is also proper because a substantial part of the events giving rise to the claim, namely Defendants' offers to sell the Accused Products to Nebraska consumers, occurred in this District.

## THE '755 PATENT

15. On September 13, 2022, the United States Patent and Trademark Office duly and legally issued the '755 Patent, entitled "Spinning Top Toy," to Bin Liu as inventor and applicant,

on Application No. 29/817,319 filed November 30, 2021. A true and correct copy of the ’755 Patent is attached as Exhibit 1.

16. The ’755 Patent contains a single claim: “The ornamental design for a spinning top toy, substantially as shown and described.” The design is shown in eleven figures. FIG. 1 is a front perspective view of the toy in its extended, six-armed configuration; FIGS. 2 through 5 show the articulated arms in alternate positions; FIGS. 6 through 9 are elevation views; FIG. 10 is a top plan view; and FIG. 11 is a bottom plan view. No portion of the drawings is shown in broken lines; the entire article as shown is claimed.

17. The ’755 Patent has a term of fifteen years from grant and is in force. No maintenance fees are required for a design patent. The ’755 Patent is presumed valid under 35 U.S.C. § 282.

18. Viewed as a whole, as an ordinary observer would view it, the claimed design creates a distinctive overall visual impression from the combination of the following features: (a) a short cylindrical central hub whose upper face carries a raised central boss surrounded by an inner ring of eight small round features and an outer ring of eight larger round recesses separated by short radial bars, the whole set within a segmented annulus; (b) a lobed or scalloped hub periphery; (c) six arms radiating from the hub at equal angular spacing in a single plane, each arm formed of a repeating series of short articulated links of alternating profile; (d) an enlarged, faceted, hexagonal cap with a round central opening terminating each arm; and (e) the resulting six-fold radially symmetric silhouette when the arms are extended, as shown in FIG. 1 and FIG. 10.

19. The Patent Office examined the ’755 Patent against seventeen references of record, including thirteen United States design and utility patents, three published United States patent applications, and an Amazon.com listing for a “YIXI” brand fidget spinner reviewed June 21,

2021, and allowed the claim over all of them. The claimed design differs from the prior art of record in, among other things, the arrangement of the hub face described in paragraph 18(a), the link profile of the arms, and the faceted end caps. Those are the features an ordinary observer familiar with the prior art would attend to in distinguishing the claimed design from earlier spinning toys.

20. Plaintiff has commercialized the patented design. The KENBU Product embodies the claimed design and is offered on Amazon.com in the United States. Photographs of the KENBU Product are attached as Exhibit 3.

## DEFENDANTS' INFRINGING CONDUCT

21. Each Defendant, without authorization from Plaintiff, makes, uses, offers to sell, sells and/or imports into the United States spinning toys whose overall ornamental appearance is substantially the same as the design claimed in the '755 Patent, such that an ordinary observer, giving such attention as a purchaser usually gives and familiar with the prior art, would be deceived into purchasing a Defendant's product supposing it to be the patented design.

22. Exhibit 4 places the listing images of each Defendant's Accused Product alongside FIG. 10 of the '755 Patent, together with an enlarged view of each hub face. The comparisons show that each Accused Product presents a hub face whose features are arranged as in FIG. 10, with a central boss inside an inner ring of eight small round features and an outer ring of eight larger features; six arms of articulated links; faceted end caps; and the six-fold radial silhouette of the claimed design. The overall visual impression of each Accused Product is substantially the same as that of the claimed design.

**Defendant No. 1: [REDACTED]**

23. [REDACTED]

24. The [REDACTED] Accused Product has a raised cylindrical central hub whose top face carries concentric central rings, an inner ring of eight small round features and an outer ring of eight larger shield-shaped features, an arrangement corresponding to the hub face shown in FIG. 10 of the ’755 Patent. It has six arms of short articulated links radiating from the hub at equal spacing, each ending in a faceted, hexagonal cap with a round central opening, and in its extended configuration it presents the six-fold radial silhouette shown in FIGS. 1 and 10. Exhibit 4-A.

**Defendant No. 2: [REDACTED]**

25. [REDACTED]

26. The [REDACTED] Accused Product is the same article as the Accused Product described in paragraph 24, with the same hub face, arms and end caps, and in its extended configuration presents the six-fold radial silhouette of FIGS. 1 and 10 of the ’755 Patent. Exhibit 4-B.

**Defendant No. 3: [REDACTED]**

27. [REDACTED]

28. The [REDACTED] Accused Product has a cylindrical hub whose top face carries a ring of eight discrete round recesses around a raised central boss, with a ring of short radial slots outside them, within a lobed hub periphery. It has six arms of short articulated links, each ending in a faceted, hexagonal cap with a round central opening, and in its extended configuration it presents the six-fold radial silhouette of FIGS. 1 and 10 of the ’755 Patent. Exhibit 4-C.

**Defendant No. 4: [REDACTED]**

29. [REDACTED]

30. The [REDACTED] Accused Product is the same article as the Accused Product described in paragraph 24, with the same hub face, arms and end caps, and in its extended

configuration presents the six-fold radial silhouette of FIGS. 1 and 10 of the ’755 Patent. Exhibit 4-D.

**Allegations Common to All Defendants**

31. None of the Defendants has ever been licensed or otherwise authorized by Plaintiff to make, use, offer to sell, sell or import any product embodying the design claimed in the ’755 Patent.

32. Defendants’ storefronts are constructed so as to conceal the identity of the persons operating them. Defendants use storefront names unconnected to any registered business name, supply marketplace “business addresses” that Plaintiff has been unable to verify, and, on information and belief, operate multiple storefronts under different names so that when one storefront is suspended or restrained, sales continue through another. On information and belief, Defendants hold the proceeds of their United States sales in marketplace seller accounts and in accounts with payment processors such as Payoneer, PingPong, LianLian and World First, from which funds are swept to accounts outside the United States on a regular cycle.

33. Defendants compete directly with Plaintiff’s KENBU Product for the same consumers, on the same marketplaces, in the same search results, and at lower prices made possible by the fact that Defendants bore none of the cost of designing the article. Defendants’ sales divert sales from Plaintiff, depress the price at which Plaintiff can sell the KENBU Product, erode the distinctiveness of the patented design in the marketplace, and deprive Plaintiff of control over the quality of goods that consumers associate with that design.

34. The injury to Plaintiff is irreparable and cannot be fully compensated by a damages award. Defendants are located outside the United States, have no known assets in the United States other than the proceeds held in their marketplace and payment-processor accounts, and, on

information and belief, will not respond to this action or satisfy any judgment voluntarily. Price erosion and loss of market position in a fast-moving consumer product category cannot be reliably measured or reversed after the fact. Unless restrained, Defendants will continue to sell the Accused Products during the pendency of this action and will remove the proceeds from the reach of this Court.

35. Before bringing this action Plaintiff investigated the marketplace, including by screening more than one hundred listings of articulated spinning toys and comparing Defendants' listings with the Patent drawings. This action has been brought without undue delay following completion of that investigation.

36. Each Defendant will have actual notice of the '755 Patent no later than service of this Complaint. Any infringement by a Defendant after that notice is willful.

**COUNT I**

Infringement of U.S. Design Patent No. D963,755 S (35 U.S.C. § 271(a))

37. Plaintiff repeats and incorporates paragraphs 1 through 36 above.

38. Plaintiff is the owner of all right, title and interest in the '755 Patent, including the right to sue for and recover damages and profits for past, present and future infringement.

39. Each Defendant has infringed and continues to infringe the '755 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling and/or importing into the United States, without authority, the Accused Product identified for that Defendant on Schedule A and in paragraphs 23 through 30 above.

40. In the eye of an ordinary observer, giving such attention as a purchaser usually gives and familiar with the prior art, the overall appearance of each Defendant's Accused Product

is substantially the same as the design claimed in the ’755 Patent, such that the resemblance would deceive the observer into purchasing the Accused Product supposing it to be the patented design.

41. Each Defendant has applied the patented design, or a colorable imitation of it, to an article of manufacture for the purpose of sale, and has sold and exposed for sale articles of manufacture to which the patented design or a colorable imitation has been applied, within the meaning of 35 U.S.C. § 289. Each Defendant is liable to Plaintiff to the extent of its total profit from those articles, but not less than $250, in addition to the other remedies provided by the Patent Act.

42. Plaintiff has been damaged by each Defendant’s infringement and is entitled under 35 U.S.C. § 284 to damages adequate to compensate for the infringement, in an amount to be proven at trial, to the extent those damages exceed the total profit recoverable under § 289 as to any Defendant.

43. Each Defendant’s continued infringement after receiving actual notice of the ’755 Patent is willful, deliberate and in knowing disregard of Plaintiff’s rights, warranting enhanced damages under 35 U.S.C. § 284 and an award of attorney’s fees under 35 U.S.C. § 285.

44. Defendants’ infringement has caused and, unless enjoined, will continue to cause irreparable injury to Plaintiff for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

45. Because the total-profit remedy under 35 U.S.C. § 289 is an equitable accounting and disgorgement of the infringer’s profits, Plaintiff is entitled to an order preserving the proceeds of Defendants’ Accused Product sales in their marketplace and payment-processor accounts pending final judgment, so that the equitable relief ultimately awarded is not rendered meaningless by the dissipation of those funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against each Defendant as follows:

(A) A judgment that each Defendant has infringed the ’755 Patent in violation of 35 U.S.C. § 271(a), and that any infringement after actual notice has been willful;

(B) A temporary restraining order, preliminary injunction and permanent injunction under 35 U.S.C. § 283 and Fed. R. Civ. P. 65 enjoining each Defendant, and its officers, agents, servants, employees, attorneys and all persons in active concert or participation with any of them, from making, using, offering to sell, selling or importing into the United States the Accused Products or any other product whose design is not colorably different from the design claimed in the ’755 Patent, and from listing or offering such products on any online marketplace;

(C) An order directing Amazon.com, Inc., TikTok Inc. and their affiliates, and any other online marketplace, payment processor or financial institution that receives actual notice of the order, to disable the listings of the Accused Products, to cease providing services to Defendants in connection with the Accused Products, and to restrain the transfer or withdrawal of funds in Defendants’ accounts up to the amount of each Defendant’s Accused Product sales revenue, pending the equitable accounting of profits under 35 U.S.C. § 289;

(D) An order authorizing expedited discovery, including third-party discovery from Amazon.com, Inc., TikTok Inc. and payment processors, limited to the identity, addresses, account information, unit sales and revenue of each Defendant for the Accused Products;

(E) An order under Fed. R. Civ. P. 4(f)(3) authorizing service of the summons, complaint and all subsequent papers on each Defendant by electronic means, including electronic mail to the addresses associated with Defendants' storefronts and electronic publication, and, as to any Defendant whose physical address is ascertained, service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters in the alternative;

(F) An award under 35 U.S.C. § 289 of each Defendant's total profit from the sale of articles to which the patented design or a colorable imitation has been applied, but not less than $250 per Defendant, or in the alternative damages adequate to compensate Plaintiff under 35 U.S.C. § 284, whichever is greater, together with an order directing the transfer to Plaintiff of restrained funds in satisfaction of that award;

(G) Enhanced damages under 35 U.S.C. § 284 for willful infringement;

(H) A finding that this is an exceptional case and an award of Plaintiff's reasonable attorney's fees under 35 U.S.C. § 285;

(I) Pre-judgment and post-judgment interest and costs; and

(J) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: November 23, 2026

Respectfully submitted,

KAUSHIK & ASSOCIATES, PLLC

/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Road, Suite 2-400
Monroe Township, New Jersey 08831
Tel.: (908) 560-7265
nkaushik@kaushiklex.com
Admitted to the Bar of the U.S. District Court
for the District of Nebraska

Counsel for Plaintiff Bin Liu

SCHEDULE A

FILED UNDER SEAL; PUBLIC VERSION REDACTED

*Bin Liu v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, Case No. _______________ (D. Neb.)*

| No. | Defendant (storefront / seller name) | Platform | Registered business name (where captured) | Accused listing identifiers | Storefront URL |
|---|---|---|---|---|---|
| 1 | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |
| 2 | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |
| 3 | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |
| 4 | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |

Schedule A identifies each Defendant by the storefront name under which it does business on the marketplace indicated, the seller or merchant identifier and any registered business name displayed by the marketplace, and the listing identifiers of the Accused Products offered by that Defendant. Plaintiff will amend Schedule A to state Defendants' true names and addresses as they are ascertained. A registered business name shown as "Not yet captured" will be supplied by amendment following expedited discovery.

INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit 1 | U.S. Design Patent No. D963,755 S, issued September 13, 2022 |
| Exhibit 2 | USPTO Assignment Center search results for Application No. 29/817,319 and Patent No. D963,755, showing no recorded assignment |
| Exhibit 3 | Photographs of Plaintiff's KENBU Product embodying the claimed design |
| Exhibit 4 | Side-by-side comparisons of the listing images of each Defendant's Accused Product against FIG. 10 of the '755 Patent, with enlarged views of the hub face (Exhibits 4-A through 4-D) |
| Exhibit 5 | Screen captures of each Defendant's Accused Product listing, and of the TikTok Shop storefront pages of Defendants Nos. 2 through 4, with capture dates |